RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2005 AUG 16  P 1: 51

John David Burroughs, #930806,)       C. A. No. 2:04-21780-GRA-RSC
                                 )
            Plaintiff,           )
                                 )      **SUPPLEMENTAL REPORT**
        -versus-                 )      **AND RECOMMENDATION**
                                 )
Lexington County Detention       )
Center, Officer NFN McKenzie     )
and Medical Department Staff     )
and Doctor,[1]                   )
                                 )
            Defendant.           )

This civil rights action pursuant to 42 U.S.C. § 1983[2],

brought by John David Burroughs, a state prisoner proceeding pro

se and in forma pauperis, is before the undersigned United States

Magistrate Judge for a supplemental report and recommendation on

the issue of whether the defendant is entitled to qualified

---

[1]  On September 28, 2004, Honorable G. Ross Anderson, Jr.,
United States District Judge, entered an Order dismissing
defendants Lexington County Detention Center, Medical Department
Staff and Doctor without prejudice and without issuance and
service of process.

[2]  Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of Section 1983, titled a civil action for deprivation of
rights reads in relevant portion: the United States or other
person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act
or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

immunity and whether the plaintiff has alleged a proper First
Amendment claim.[3]

## QUALIFIED IMMUNITY

Plaintiff Burroughs filed the instant civil rights case
against Officer Thomas McKenzie of the Lexington County Detention
Center and alleged that McKenzie confiscated his only Bible which
violated his right to freedom of religion under the First
Amendment to the Constitution.  In contrast, McKenzie affied that
Burroughs possessed two Bibles and that he took only one of
Burroughs' Bibles, so that Burroughs was never denied a Bible or
his constitutional rights.

Government officials performing discretionary functions are
entitled to qualified immunity from liability for civil damages
to the extent that "their conduct does not violate clearly
established statutory or constitutional rights of which a
reasonable person would have known." Harlow v. Fitzgerald, 457
U.S. 800, 818 (1982). Harlow, set forth objective standards for
the utilization of the qualified immunity defense and gave

---

[3] The plaintiff was also ordered to demonstrate that he has
exhausted all administrative remedies and he has responded by
affidavit in which he asserts again that he has exhausted his
remedies and craves reference to his original grievance which was
returned to him unprocessed.  The plaintiff made the unprocessed
grievance part of the instant record in his opposition to the
defendant's summary judgment motion.  Additionally, in his June
16, 2005, opposition to the undersigned's report and
recommendation, the defendant agreed that the plaintiff did in
fact exhaust his administrative remedies.  (See, page 2,
Defendant's Objections to the Report and Recommendation).

2

specific bench marks to the judiciary in determining when to protect public officials from undue interference with the exercise of their official duties. In setting forth its guidelines, the Supreme Court ruled that "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person should have know." 457 U.S. at 818. The Court further held that "[r]eliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law, and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." Id.

Subsequently, the Supreme Court held in Anderson v. Creighton, 483 U.S. 635 (1987), that a court must look for the "'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken." 483 U.S. at 639. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [This] is to say that in the light of preexisting law the unlawfulness must be apparent." 483 U.S. at 640.

This Fourth Circuit Court of Appeals further clarified the standard as a three-part analysis: "First, we must identify the

3

right allegedly violated; second, we must decide whether the right was clearly established at the time of the alleged violation; and third, we must determine whether a reasonable person in the officer's position would have known that his or her actions violated that right." Gould v. Davis, 165 F.2d 265, 269 (4th Cir. 1998).

First, the court is to identify the right allegedly violated. The facts as alleged by the plaintiff control this inquiry. Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Willingham v. Crooke, ___ F.3d ___, 2005 WL 1475868 (4th Cir. 2005). Burroughs claims he had only one Bible while McKenzie claims Burroughs had two Bibles. Burroughs alleges that he had a right to possess a religious book, a Bible.

Second, the court is to determine whether the right was clearly established at the time of the complained of event. It appears that such right was clearly established. "[P]risoners retain substantial first amendment rights despite conviction and incarceration." Brown v. Peyton, 437 F.2d 1228, 1230 (4th Cir. 1971); see also, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). As a result, inmates are entitled to have religious books. See, e.g., Brown v. Peyton, 437 F.2d 1228 (4th Cir. 1971).

Third, it certainly appears that a reasonable person in the officer's position would have known that denying an inmate any

4

Bible whatsoever violated that right in the light of over thirty years of controlling Fourth Circuit law. Hence, it appears that the defendant is not entitled to qualified immunity.

## FIRST AMENDMENT CLAIM

Burroughs has properly alleged that he was denied his right to freedom of religion under the First Amendment based upon controlling precedent already cited. Here, the defendant is not entitled to summary judgement because of the genuine material factual dispute over whether Burroughs had a single Bible as he claims, or had two Bibles as McKenzie claims. If a fact finder credited Burroughs' evidence, his rights were violated; if McKenzie is believed, no constitutional right was denied.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendant's summary judgment motion be denied.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 16, 2005

5

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, *supra*; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

6