UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John David Burroughs, #930806,<br><br>Petitioner,<br><br>v.<br><br>Lexington County Detention Center, Officer NFN McKenzie and Medical Department Staff and Doctor,[1]<br><br>Respondents. | C/A No. 2:04-21780-GRA-RSC<br><br>ORDER<br><br>[Written Opinion] |

This matter is before the Court for review of the magistrate's Supplemental Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C and filed August 16, 2005. Petitioner brings this suit pursuant to 42 U.S.C. §1983, against Officer McKenzie alleging that Officer McKenzie confiscated his only Bible in violation of his freedom of religion under the First Amendment to the Constitution.

Defendant McKenzie filed a motion for summary judgment on February 28, 2005. Petitioner filed an affidavit in opposition to Defendant's motion on April 4, 2005. The magistrate then issued a Report and Recommendation on May 26, 2005, recommending that Defendant's motion for summary judgment be denied, finding that the record was in genuine conflict over the issue of whether Petitioner exhausted administrative remedies. *See* Report and Recommendation, pg. 6. The magistrate did not address whether Defendant was entitled to dismissal based on the failure of

---

[1] On September, 28, 2004, this Court entered an Order dismissing defendants Lexington County Detention Center and Medical Department Staff and Doctor without prejudice and without issuance of service of process.

1

Petitioner to allege a proper First Amendment claim or whether Defendant was entitled to qualified immunity. Subsequently, the magistrate filed a Supplemental Report and Recommendation on August 16, 2005, addressing the qualified immunity issue.[2] The magistrate recommends that Defendant McKenzie's motion for summary judgment be denied. For the reasons stated below, the Court rejects the magistrate's recommendation and grants Defendants' motion.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Defendant McKenzie filed objections to the

---

[2] Petitioner was also ordered by this Court to demonstrate that he has exhausted all administrative remedies, and he has responded by affidavit in which he asserts again that he has exhausted his remedies and craves reference to his original grievance which was returned to him unprocessed. Petitioner made the unprocessed grievance part of the record in opposition to Defendant's summary judgment motion. Additionally, in his June 16, 2005, objection to the magistrate's Report and Recommendation, Defendant agreed that Petitioner did in fact exhaust his administrative remedies. *See* Defendant's Objections to the Report and Recommendation, pg. 2.

2

Supplemental Report and Recommendation on September 2, 2005.

The magistrate recommends that Defendant's motion for summary judgment be denied based on the "genuine material factual dispute over whether Burroughs had a single Bible as he claims, or had two Bibles as McKenzie claims." *See* Supplemental Report and Recommendation, pg. 5. Defendant McKenzie objects to this recommendation, stating correctly that the Supplemental Report and Recommendation did not address the fact that Petitioner was informed in the response to his inmate grievance that he could simply request another one of the facility's Bibles from his floor officers. *See* Exhibit A to Petitioner's Affidavit dated March 22, 2005. There is nothing in the evidence that suggests that Petitioner was permanently deprived of access to religious materials at any time. In fact, the evidence presented by Petitioner, himself, demonstrates that he had been reassured that if he needed another Bible he need only ask his floor officers and another one of the facility's Bibles would be provided to him.

In light of these facts, Defendant objects to the magistrate's findings that there is a genuine issue of material fact regarding the issue of qualified immunity. While the magistrate states the proper law regarding the qualified immunity of government officials in his Supplemental Report and Recommendation, the magistrate failed to account for the aforementioned fact that Petitioner did have access to another Bible. The magistrate recognized that "it certainly appears that a reasonable person in the officer's position would have known that denying an inmate *any Bible whatsoever* violated [a clearly established right] in the light of over thirty years of controlling Fourth Circuit law." *See* Supplemental Report and Recommendation, pg. 5 (emphasis added). However, Petitioner did not allege that he was denied access to any Bible whatsoever. At most, Petitioner was only temporarily delayed from having access to a Bible. A temporary delay of access to religious materials does not result in the violation of a clearly established constitutional right, and, therefore does not give rise to a justiciable cause of action under 42 U.S.C. §1983. Also, because there was no violation of a

clearly established constitutional right, Defendant does not lose his qualified immunity from liability for civil damages. *See Gould v. Davis*, 165 F.2d 265, (4th Cir. 1998). For these reasons, this Court rejects the magistrate's recommendation to deny Defendant's motion for summary judgment.

      IT IS THEREFORE ORDERED that Defendant's motion for summary judgment be GRANTED.

      IT IS SO ORDERED.

                                      G. ROSS ANDERSON, JR.
                                      UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September   13  , 2005

### NOTICE OF RIGHT TO APPEAL

      Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.